## BOARD OF EDUCATION OF CACHE COUNTY SCHOOL

## DIST. et al v. DAINES

No. 3055.   Decided July 26, 1917.   (166 Pac. 977.)

1. STATUTES—CONSTRUCTION.   While all statutes in pari materia should be construed together, yet where two statutes relating to the same subject-matter are repugnant, and cannot be reconciled, the later must be accepted as the legislative will.   (Page 100.)

2. TAXATION—SCHOOL TAXES—COMPENSATION.   Comp. Laws 1907, section 616x3, first enacted in Laws 1903, c. 131, declares that special taxes of school district shall be assessed and collected as provided by law, and that the school district shall pay to the county one-half of 1 per cent. on the amount of taxes collected in full for the services and compensation of the county in assessing and collecting such taxes. Comp. Laws 1907, section 1891x27, first enacted in Laws 1905, c. 107, as amended by Laws 1911, c. 135, Laws 1913, c. 96, and Laws 1915, c. 78, declares that the board of education shall, on or before the 1st day of May in each year, prepare a statement and estimate of the amount necessary for the support and maintenance of the schools under its charge for the succeeding year, and to defray the interest on bonds, etc., which taxes shall be collected by the county treasurer as other taxes are collected, but without additional compensation for assessing and collecting, and he shall pay the same to the treasurer of the board.   *Held* that, as the latter statute must be treated as the legislative will on the subject, taxes assessed thereunder cannot be treated as special taxes on which the school district is liable to pay a percentage to the county for the cost of assessment and collection. (Page 100.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by the Board of Education of Cache County School District and Joseph Campbell, Treasurer thereof, against George S. Daines.

Judgment in part for defendant.   Plaintiffs appeal.

REVERSED and REMANDED, with directions.

*J. C. Walters* for appellant.

*A. E. Bowen* for respondent.

APPELLANT'S POINTS

It is true that repeals by implication are not favored, but where there is a positive repugnancy between the provisions of two statutes the former in point of time is repealed by implication to the extent of such repugnancy. Or where it is apparent that the legislature intended to cover the particular subject by a later enactment, and such later act is inconsistent with the provisions of a former act, the former act is repealed without express words of repeal. *Bartch* v. *Meloy,* 8 Utah 424; *Hudson* v. *Freed,* 10 Utah 31; *In re Gannett,* 11 Utah 283; *Judge* v. *Spencer,* 15 Utah 242.

FRICK, C. J.

The board of education of Cache county school district, hereinafter called plaintiff, commenced this proceeding in the district court of Cache county to compel the defendant, as treasurer of Cache county, to pay to the treasurer of the plaintiff the sum of $1,863.52 as taxes collected by the defendant for said school district. In the application for the writ of mandate it is, in substance, alleged that the taxable property of said school district for the year 1915 was more than $5,000,000 and less than $8,000,000; that on the 1st day of May, 1915, the plaintiff prepared a statement and estimate of the amount of money that would be necessary for the support and maintenance, and for all other purposes, of the schools under its charge for the school year commencing July 1, 1915, and that plaintiff caused said statement and estimate to be certified to the county commissioners of Cache County as provided by law; that the amount required for all school purposes, and which was certified as aforesaid, was $99,408; that in accordance with the provisions of law a tax of 12½ mills on the dollar was levied on the taxable property of said school district in order to obtain the amount necessary for the purposes aforesaid for the year 1915; that George S. Daines, the defendant, in the year 1915, and at the commencement of this action, was the treasurer of said Cache County, and as such he has collected said taxes for said year 1915; that it was the duty of said treasurer to pay the amount col-

lected by him promptly as collected to the treasurer of the plaintiff; and that he has refused and failed to do so, but has withheld and still withholds the sum of $1,863.52 of the amount collected by him as school taxes for the year 1915 from the plaintiff. The plaintiff therefore prayed judgment that the defendant, as treasurer as aforesaid, be required to pay said amount to the treasurer of the plaintiff, or to show cause why he refuses to do so.

An alternative writ of mandate was duly issued by the district court, and the defendant filed his answer thereto in due time, in which he, in substance, claimed the right to withhold said $1,863.52, and the whole thereof, as compensation for collecting the school tax for the year 1915, amounting to $99,408, as before stated. Upon a hearing the district court held that the defendant was entitled to retain one-half of 1 per cent. of said $99,408, which amounted to $497.04, as compensation for collecting said taxes, and required him to pay over to the plaintiff the sum of $1,366.48; that being the difference between the $1,863.52 demanded by the plaintiff and the $497.04 allowed the defendant for compensation as aforesaid. The defendant, in his answer, had, however, also claimed the right to deduct one-half of one per cent. from the taxes that were levied for the four years immediately preceding the year 1915, and to retain said one-half of one per cent. out of said $1,863.52. The court, however, disallowed the defendant any compensation for the preceding years aforesaid.

The plaintiff appeals from the judgment, and insists that the district court erred in allowing defendant any amount for compensation; and the defendant assigns cross-errors, in which he contends that the district court erred in not permitting him to deduct also one-half of one per cent. for the taxes which he collected for the four years immediately preceding the year 1915 out of said $1,863.52. The correctness of the district court's judgment depends upon the construction that shall be given to certain sections of our statute relating to the collection of school taxes. While counsel for the respective parties have referred to a large number of sections

of our statutes, yet it is not necessary for us to consider all of the sections referred to by them, in order to arrive at a correct solution of the questions involved in this controversy, and we shall therefore refer only to the sections which, in our judgment, are controlling.

The statement and estimate referred to in plaintiff's application for the writ, and all of the taxes in question in this proceeding, were certified, levied, and collected under the provisions of Comp. Laws 1907, section 1891x27,        1, 2 as amended by Laws Utah 1911, p. 266, Laws Utah 1913, p. 184, and Laws Utah 1915, pp. 98 and 191. That section, as in force when the taxes in question were certified, levied, and collected, so far as material here, reads as follows:

"The board of education shall, on or before the first day of May of each year, prepare a statement and estimate of the amount necessary for the support and maintenance of the schools under its charge for the school year commencing on the first day of July next thereafter, and for the purchase of school sites and the erection of school buildings; also the amount necessary to pay the interest accruing during such year and not included in any prior estimates on bonds issued by the district; also the amount of sinking fund necessary to be collected during such year for the payment and redemption of said bonds: Provided, that in the year 1915, the time for furnishing the statement and estimate above named, shall be extended to the second Monday in July. The board of education shall forthwith cause the same to be certified by the president and clerk of said board to the officers charged with the assessment and collection of taxes for general county purposes in the county in which the district is situated, and the board of county commissioners of the county in which the district is situated shall at the time of making the annual levy of other county taxes, levy such per cent. as shall, as nearly as may be, raise the amount required by the board, which levy shall be uniform on all property within said district as returned on the assessment roll, and the said county officers are hereby authorized and required to place the same on the tax roll. *Said taxes shall be collected by the county treasurer*

*as other taxes are collected but without additional compensation for assessing and collecting, and he shall pay the same to the treasurer of the board, promptly as collected, who shall hold the same subject to the order of the board of education.''* (Italics ours.)

That section also imposes certain limitations and provides other conditions which are not material here. So far as we have quoted the statute, there is practically no difference in the language, and certainly none in its substance, between its first enactment in 1905 (Laws Utah 1905, p. 136), and the last enactment in 1915, which we have quoted (Laws Utah 1915, p. 98). During all of those years the statute continued the statement we have italicized in the foregoing quotation. The defendant, however, relies upon Comp. Laws 1907, section 616x3, which provides:

''Special taxes of school district shall be assessed and collected as already provided by law: Provided, that each school district shall pay to the county in which it is situated one-half of one per cent. on the amount of taxes collected, and such payments shall be in full for the services and compensation of the county in assessing and collecting and paying over said taxes.''

That section was originally passed in 1903 (Laws Utah 1903, 184). As it appears from that section, the right to compensation is strictly limited to ''special taxes of school districts.'' While there are various provisions in our statutes authorizing the taxpayers of the several school districts to vote special taxes for certain purposes, yet, for reasons hereinafter appearing, we are not now concerned with any of those provisions. All that we are now required to determine is whether the taxes in controversy here are special. The district court held that all of the taxes enumerated in section 1891x27, supra, are special, and hence held that the defendant was, by law, authorized to deduct therefrom the one-half of one per cent. mentioned in section 616x3, supra. The district court, however, also held that, inasmuch as the defendant had voluntarily, and without protest, paid over the one-half of one per cent. for the four years immediately preceding the

year 1915, for that reason he could not retain the amount accruing for the preceding years out of the taxes for 1915, but could only retain the one-half of one per cent. for that year. In our opinion, the ruling of the district court, that the taxes enumerated in section 1891x27, and which are in question here, are special, and hence subject to the one-half of one per cent. mentioned in section 616x3, is clearly erroneous. By reference to section 1891x27, which we have quoted above, it will be seen that it is made as clear as the English language can make it that no compensation of any kind, or in any amount, is allowed to the county treasurer for collecting the taxes therein enumerated. The statute imposed the duty upon the plaintiff to make the statement and estimate of the amount of money that would be necessary for the purposes stated in the statute and to certify the same to the county commissioners so that the proper levy could be made. Plaintiff discharged its duty in that regard, and it seems the county commissioners did likewise. After that was done it became the duty of the defendant as the treasurer of Cache County to collect said taxes. The statute contains the special provision which we have italicized. Could a mandate to the several county treasurers be made more direct and more explicit respecting their duty and to prevent them from exacting compensation? To what taxes does the foregoing mandate refer? Manifestly to all the taxes that are enumerated in the section, which enumeration precedes the mandate. The statement and estimate certified by the plaintiff contained no other taxes except such as are mentioned in the statute, and all of which are included in the term "said taxes."

The district court, in arriving at the conclusion before stated, must have been controlled entirely by what is said in section 616x3 regarding the compensation allowed for collecting special taxes. How the court arrived at the conclusion, however, that all of the taxes mentioned in section 1891x27 are special, we are unable to understand. True it is that, as already stated, there are other provisions of our statutes authorizing the taxpayers of the several school districts to

vote special taxes. It is also true that it is a cardinal canon of construction that in order to determine the intention and effect ,of a particular statute, or a particular provision, all other statutes and provisions relating to the same subject and which are in pari materia must also be considered. That rule, like all other rules, however, also has its exceptions. For example: Where there are two statutes or provisions, that are manifestly repugnant to each other and cannot be reconciled, then the courts must look to and enforce the latest expression of the legislative will as found in the statute last enacted. When, therefore, as is the case here, the Legislature has so clearly manifested its intention to exempt certain enumerated things from the operation of an existing statute by a later one, the courts have no alternative save to enforce the intention of the Legislature, as expressed in the later statute, by enforcing it. Whatever, therefore, may be said respecting the right to vote special taxes and the right of the several county treasurers to deduct the one-half of one per cent. mentioned in section 616x3, yet it is too plain for controversy that that section can be given no effect respecting the taxes specially enumerated in section 1891x27, since by that section the treasurers are expressly prohibited from deducting anything for compensation.

We have less hesitancy in arriving at the foregoing conclusion for the reason that the question resolves itself, very largely at least, to a mere matter of bookkeeping. In the long run the taxpayers of the particular county must provide the money for the schools, as well as defray the expenses incident to the collection of all of the taxes. School funds in this state, in one sense, are deemed trust funds, and, under our laws, are required to be strictly devoted for school purposes. It is easy to perceive, therefore, why the Legislature should direct that no part of the taxes for school purposes shall be deducted for expenses of collection, except where special taxes are imposed. Such taxes being out of the regular order, it may require special work, for which compensation is provided. The taxes in question are, however, not special in any view that may be taken, and hence it is not necessary to determine

what, under the several provisions of our statutes, would constitute special taxes.

The judgment is therefore reversed, and the case is remanded to the district court of Cache County, with directions to set aside its conclusions of law and judgment, and to enter conclusions of law and judgment directing the defendant to pay over to the plaintiff, as prayed in its application, the amount there demanded, without interest however. Plaintiff to recover costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.